UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No:   2:15-cv-247-FtM-29CM

GILLES R. BAILLARGEON,

    Defendant.

## ORDER

Before the Court is Plaintiff's Application and Declaration for Entry of Defendant's Default (Doc. 7), filed on May 29, 2015. Plaintiff moves, pursuant Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Defendant Gilles R. Baillargeon for failure to respond to the Complaint. For the reasons that follow, the motion is due to be granted.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

The Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A). Here, the Return of Service (Doc. 5) states that on April 29, 2015, Plaintiff's process server delivered a true copy of the Summons and Complaint upon Gilles R. Baillargeon at 25030 Airport Road, Apartment #A1, Punta Gorda, FL 33950. Doc. 5 at 3. Affidavits by process servers constitute a *prima facie* showing that defendants have been served. *Udoinyion v. The Guardian Security*, 440 Fed. Appx. 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Gilles R. Baillargeon has failed to do so within the time period; therefore, entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Application and Declaration for Entry of Defendant's Default (Doc. 7) is **GRANTED**. The Clerk is directed to enter Clerk's default against Defendant Gilles R. Baillargeon.

**DONE** and **ORDERED** in Fort Myers, Florida on this 1st day of June, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record