UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                    Case No: 2:15-cv-247-FtM-29CM

GILLES R. BAILLARGEON,

     Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Default Judgment (Doc. #10) filed on June 12, 2015. Defendant did not file a response and the time to do so has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

**I.**

Plaintiff the United States of America has filed a Complaint (Doc. #1) against Defendant Gilles R. Baillargeon (Baillargeon) to recover on a promissory note. Baillargeon was served with the Complaint on April 29, 2015 and has not filed an answer. On May 29, 2015, Plaintiff moved for entry of clerk's default against Baillargeon. (Doc. #7.) On June 1, 2015, the Magistrate Judge issued an Order granting Plaintiff's Motion for Entry of a Clerk's Default, and the Clerk entered a default against Baillargeon on June 4, 2015. (Docs. ##8-9.) Therefore, Plaintiff has complied

with the necessary prerequisites under Fed. R. Civ. P. 55(a) for a default judgment.

## II.

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (quotations and citations omitted).

Deeming all allegations in the Complaint (Doc. #1) as admitted, on or about April 24, 1999, Baillargeon executed a promissory note (the Note) to secure a loan from the U.S. Department of Education. The loan was made under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965 (the Higher Education Act). The Department of Education demanded payment according to the terms of the Note, and Baillargeon defaulted on the obligation on April 24, 2003. As of July 16, 2014, Baillargeon owed $25.376.10 in principal and $11,989.78 in interest for a total debt of

$37,365.88.   Interest continues to accrue on the unpaid principal amount at a rate of 2.33% per annum.

Plaintiff seeks money damages in the amount owed on the Note. The Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1345.   "To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default."   United States v. Carter, 506 F. App'x 853, 858 (11th Cir. 2013).  Here, the allegations in the Complaint establish that Baillargeon executed the Note, that Plaintiff is the holder of the Note, and that the Note is in default.  Accordingly, Plaintiff is entitled to a money judgment in the full amount owed on the Note, $37,365.88 as of June 5, 2015.  From June 5, 2015 until the entry of judgment, Plaintiff is entitled to further interest on the unpaid principal amount at a rate of 2.33% per annum.  Following the entry of judgment, interest shall accrue at the statutory post-judgment interest rate prescribed by 28 U.S.C. § 1961.

In addition to the amount owing on the Note, Plaintiff is also entitled to recover the $40.00 cost of serving Baillargeon with the Complaint.  28 U.S.C. § 1921(a)(1).  Furthermore, the Higher Education Act provides that in addition to the terms of the promissory note, the borrower is required to pay "reasonable collection costs."  20 U.S.C. § 1091a(b)(l).  The Higher Education Act's implementing regulations specify that this includes "[c]ourt

costs and attorneys fees." 34 C.F.R. § 30.60(a)(8). Here, Plaintiff's counsel has provided an affidavit stating that he spent a total of 6.6 hours associated with the Motion for Entry of Default Judgment at an hourly rate of $200, for a total of $1,320.00 in attorneys' fees. The Court finds that both the hours expended and counsel's hourly rate are reasonable.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Default Judgment (Doc. #10) is **GRANTED.** Default Judgment is entered in favor of Plaintiff and against Defendant Gilles R. Baillargeon in the amount of $39,056.36, consisting of:

- $25,376.10 in unpaid principal;

- $12,320.26 in interest through June 5, 2015;

- $40.00 for service of process; and

- $1,320.00 in attorneys' fees.

2. From June 5, 2015 through the entry of Judgment, Plaintiff is entitled to interest on the unpaid principal amount at a rate of 2.33% per annum as specified in the Note.

3. This Judgment shall bear interest at the rate prescribed by 28 U.S.C. § 1961, and shall be enforceable as prescribed by 28 U.S.C. § 2001, *et seq.*, 28 U.S.C. §3001-3307, and Rule 69(a), Federal Rules of Civil Procedure.

    4.    The Clerk shall enter Judgment accordingly, terminate all pending motions and deadlines, and close the file.

    **DONE and ORDERED** at Fort Myers, Florida, this   14th   day of July, 2015.

                                                  JOHN E. STEELE
                                                SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record